UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

C.A. NO. 05-40121FDS

```
FRANKLIN PIERCE COLLEGE                         )
     Plaintiff                                  )
V.                                              )
DMA/DIGERONIMO-MIKULA ASSOCIATES, LLC           )
AND DIGERONIMO ASSOCIATES, LTD                  )
     Defendants/Third-Party Plaintiffs          )
                                                )
V.                                              )
H. E. CONTRACTING, INC.                         )
     Third-Party Defendant                      )
                                                )
```

**ANSWER AND THIRD PARTY COMPLAINT OF THE DEFENDANTS
DMA/DIGERONIMO ASSOCIATES, LLC AND DIGERONIMO ASSOCIATES, LTD**

Complaint

Defendants deny allegations contained in the initial description paragraph.

Parties

1. Admitted.

2. Denied.

Jurisdiction

3. Denied.

4. Denied.

1

FACTUAL ALLEGATIONS

<u>The Project</u>

5. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 5 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 5 of the complaint.

6. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 6 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 6 of the complaint.

<u>Agreement For Project Consultation and Construction Management</u>

7. Denied.

8. Denied.

9. Denied.

10. DiGeronimo admits it was to provide engineering consultation but denies it was obligated with respect to construction since Franklin Pierce had its own engineer on the construction aspect.

11. Denied.

12. DiGeronimo admits making submissions as a turf consultant, however Franklin Pierce had a separate engineer perform all drawing and specification work.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

### DMA's Advice Regarding Project Site Work

17. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 17 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 17 of the complaint.

18. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 18 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 18 of the complaint.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 23 of the complaint. To the extent an answer

is required the defendants deny the allegations in paragraph 23 of the complaint.

24. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 24 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 24 of the complaint.

25. Denied.

26. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 26 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 26 of the complaint.

27. Denied.

## Breach of the Consulting Contract

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## Count I
### (Professional Negligence)

32. Defendants repeat and reallege the answers to paragraphs 1 through 31 as if fully set forth herein.

33. Paragraph 33 calls for conclusions of law for which no answer is required. To the extent an Answer is required the defendants deny the allegations set forth in paragraph 33.
34. Denied.
35. Denied.

## Count II
### (Breach of Contract)

36. Defendants repeat and reallege the answers to paragraphs 1 through 35 as if fully set forth herein.
37. Defendants deny to the extent that plaintiff contends that any such obligation existed "throughout the entire life of the project".
38. Paragraph 38 calls for conclusions of law for which no answer is required. To the extent an Answer is required the defendants deny the allegations set forth in paragraph 38.
39. Denied.
40. Denied.

WHEREFORE, Defendants requests that this court find judgment in their favor on the Plaintiff's Complaint and award them damages, costs and attorney's fees and all such further relief this court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by the Doctrine of Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by their own contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

The claim of Plaintiff is barred by reason of failing to state claim for which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by the rule of claim splitting.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed as their claim is barred by the Statute of Frauds.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that they have acted in good faith at all times relevant to the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has released, settled, entered into an accord or satisfaction, or otherwise compromised its claim herein; alternatively, Plaintiff's claims are barred by the doctrines of laches and estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff itself has acted in bad faith and therefore has unclean hands and is not entitled to the relief requested.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's own actions have caused Defendants to incur additional costs and liability which off-set any payment owed to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name a necessary party.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery based on misnomer.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery on any claim or claims due to waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery on any claim or claims due to its breach of Good Faith and Fair Dealing.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery on any claim or claims due to Anticipatory Repudiation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery on any claim or claims due to its failure to join necessary parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery on any claim or claims due to the fact that it breached any obligation between it and Digeronimo.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery on any claim or claims due to Accord and Satisfaction.

**THIRD PARTY COMPLAINT OF DMA/DIGERONIMO-MIKULA ASSOCIATES, LLC, AND DIGERONIMO ASSOCIATES, LTD. VS. H.E. CONTRACTING, INC.**

For cause of action by way of a Third-Party Complaint the Defendants/Third-Party Plaintiffs, DMA/DiGeronimo-Mikula Associates, LLC, And DiGeronimo Associates, LTD., hereby bring this Third-Party Complaint against the Third-Party Defendant H.E. Contracting, Inc.("HEC"). Pursuant to F.R.C.P. 14. HEC is

8

or may be liable to Third-Party Plaintiffs DiGeromino for all or part of the Plaintiff/Franklin Pierce's claims against Third-Party Plaintiffs DiGeronimo.

### Parties

1. Plaintiff, Franklin Pierce College, ("Franklin Pierce") is a New Hampshire corporation with its principal place of business in Rindge, New Hampshire.

2. Defendants/Plaintiff-In-Counterclaim, DMA/Digeronimo-Mikula Associates, LLC and Digeronimo Associates, LTD. ("Digeronimo") is a Massachusetts corporation with a usual business address of 5 Apple Hill Road, P.O. BOX 524, Sturbridge, Worcester County, Massachusetts 01566.

3. Third-Party Defendant H.E. Contracting, Inc., ("HEC") is a Maine entity with its principal place of business at 1 Hidden Creek Drive, Scarborough, Maine 04074-8451.

### Jurisdiction

4. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a).

5. The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

### Factual Allegations

6. Franklin Pierce entered into a contract with HEC on or about June 9, 2004 to perform certain site work in

9

       connection with the installation of 2 new synthetic turf athletic fields at the College.

7. The College has claimed that has HEC failed has to fulfill its obligation under the contract scope in the execution of the work.

8. The College contends that on account of HEC's deficiencies the project is replete with defects and deficiencies for which the College has had to correct and repair.

9. The College has brought claims against HEC in the U.S. District Court, District of New Hampshire (#: 1:04-cv-00484-JM) alleging Count I-Breach of Contract, Count II-Unjust Enrichment, Count III-Negligence, Count IV-Constructive Trust, Count V-Violation of New Hampshire Consumer Protection Act-N.H. RSA ch. 358-A, Count VI-Fraudulent Misrepresentation in Procuring a Contract.

10. The damages for which Franklin Pierce is seeking recovery against DiGeronimo resulted from the actions of HEC.

11. If DiGeronimo is held liable to Franklin Pierce for such damage, Digeronimo is entitled to contribution from HEC in the same amount as may be awarded against DiGeronimo.

WHEREFORE, DiGeronimo demands that if judgment is entered in favor of Franklin Pierce on its claim against DiGeronimo, then, HEC shall be ordered to contribute to DiGeronimo all monies

10

DiGeronimo may be ordered to pay Franklin Pierce together with such other relief as this court deems just and proper.

<u>JURY DEMAND</u>

The Defendants/Third-Party Plaintiffs demand a trial by jury in this matter.

```
                         Respectfully submitted,
                         DMA/DIGERONIMO-MIKULA ASSOCIATES, LLC,
                         and DIGERONIMO ASSOCIATES, LTD.

Dated: October 28, 2005  /s/Karl J. Gross
                         Karl J. Gross, Eqsuire
                         -BBO #553465
                         O'Reilly, Grosso & Gross, P.C.
                         1671 Worcester Road, Suite 205
                         Framingham, MA 01701-5400
                         Tel: 508-620-0055
                         Fax: 508-620-7655
```

<u>Certificate of Service</u>

I hereby certify that this Answer and Third-Party Complaint was electronically forwarded to all counsel of record on this date. Electronically filed through ECF to:

Attorneys For Plaintiff: Stanley A. Martin and Jeff D. Bernarducci, Holland & Knight LLP, 10 St. James Avenue, Boston 02116

Conventionally served:
Will be served with Third-Party Summons on Third Party Defendant H.E. Contracting, Inc. at 1 Hidden Creek Drive, Scarborough, Maine 04074-8451 and attorney Thomas J. Pappas, 670 Commercial Street, Suite 305, P.O. BOX 808, Manchester, MH 03105.

```
Dated: October 28, 2005  /s/Karl J. Gross
                         Karl J. Gross, Eqsuire
                         -BBO #553465
                         O'Reilly, Grosso & Gross, P.C.
                         1671 Worcester Road, Suite 205
                         Framingham, MA 01701-5400
                         Tel: 508-620-0055
                         Fax: 508-620-7655
```