UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

C.A. NO. 05-40121FDS

```
_____
FRANKLIN PIERCE COLLEGE            )
     Plaintiff                     )
V.                                 )
DMA/DIGERONIMO-MIKULA ASSOCIATES, LLC )
AND DIGERONIMO ASSOCIATES, LTD     )
     Defendants/Third-Party Plaintiffs )
                                   )
V.                                 )
H. E. CONTRACTING, INC.            )
     Third-Party Defendant         )
                                   )
_____)
```

**<u>DEFENDANTS DMA/DIGERONIMO ASSOCIATES, LLC AND DIGERONIMO ASSOCIATES, LTD'S ANSWER TO PLAINTIFF FRANKLIN PIERCE COLLEGE'S FIRST AMENDED COMPLAINT</u>**

<u>Complaint</u>

Defendants deny allegations contained in the initial description paragraph.

<u>Parties</u>

1. Admitted.

2. Denied.

<u>Jurisdiction</u>

3. Denied.

4. Denied.

1

FACTUAL ALLEGATIONS

<u>The Project</u>

5. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 5 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 5 of the complaint.

6. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 6 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 6 of the complaint.

<u>Agreement For Project Consultation and Construction Management</u>

7. Denied.

8. Denied.

9. Denied.

10. DiGeronimo admits it was to provide engineering consultation but denies it was obligated with respect to construction since Franklin Pierce had its own engineer on the construction aspect.

11. Denied.

12. DiGeronimo admits making submissions as a turf consultant, however Franklin Pierce had a separate engineer perform all drawing and specification work.
13. Denied.
14. Denied.
15. Denied.
16. Denied.

### DMA's Advice Regarding Project Site Work

17. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 17 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 17 of the complaint.
18. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 18 of the complaint. To the extent an answer is required the defendants deny the allegations in paragraph 18 of the complaint.
19. Denied.
20. Denied.
21. Denied.
22. Denied.

3

23. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 23 of the complaint.  To the extent an answer is required the defendants deny the allegations in paragraph 23 of the complaint.

24. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 24 of the complaint.  To the extent an answer is required the defendants deny the allegations in paragraph 24 of the complaint.

25. Denied.

26. The defendants are without sufficient knowledge and information to form a belief as to the allegations in paragraph 26 of the complaint.  To the extent an answer is required the defendants deny the allegations in paragraph 26 of the complaint.

27. Denied.

<u>Breach of the Consulting Contract</u>

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## Count I
### (Professional Negligence)

32. Defendants repeat and reallege the answers to paragraphs 1 through 31 as if fully set forth herein.

33. Paragraph 33 calls for conclusions of law for which no answer is required. To the extent an Answer is required the defendants deny the allegations set forth in paragraph 33.

34. Denied.

35. Denied.

## Count II
### (Breach of Contract)

36. Defendants repeat and reallege the answers to paragraphs 1 through 35 as if fully set forth herein.

37. Defendants deny to the extent that plaintiff contends that any such obligation existed "throughout the entire life of the project".

38. Paragraph 38 calls for conclusions of law for which no answer is required. To the extent an Answer is required the defendants deny the allegations set forth in paragraph 38.

39. Denied.

40. Denied.

Count III
(Negligent Misrepresentation)

41. Defendants repeat and reallege the answers to paragraphs 1 through 40 as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE, Defendants requests that this court find judgment in their favor on the Plaintiff's Complaint and award them damages, costs and attorney's fees and all such further relief this court deems just and proper.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The claim of the Plaintiff is barred by the Doctrine of Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by their own contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

The claim of Plaintiff is barred by reason of failing to state claim for which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by the rule of claim splitting.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed as their claim is barred by the Statute of Frauds.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that they have acted in good faith at all times relevant to the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has released, settled, entered into an accord or satisfaction, or otherwise compromised its claim herein; alternatively, Plaintiff's claims are barred by the doctrines of laches and estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff itself has acted in bad faith and therefore has unclean hands and is not entitled to the relief requested.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's own actions have caused Defendants to incur additional costs and liability which off-set any payment owed to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name a necessary party.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery based on misnomer.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery on any claim or claims due to waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery on any claim or claims due to its breach of Good Faith and Fair Dealing.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery on any claim or claims due to Anticipatory Repudiation.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery on any claim or claims due to its failure to join necessary parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery on any claim or claims due to the fact that it breached any obligation between it and Digeronimo.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery on any claim or claims due to Accord and Satisfaction.

<u>JURY DEMAND</u>

The Defendants demand a trial by jury in this matter.

                                    Respectfully submitted,
                                    DMA/DIGERONIMO-MIKULA ASSOCIATES, LLC,
                                    and DIGERONIMO ASSOCIATES, LTD.

Dated: March 20, 2006    /s/Karl J. Gross
                                    Karl J. Gross, Esquire
                                    -BBO #553465
                                    O'Reilly, Grosso & Gross, P.C.
                                    1671 Worcester Road, Suite 205
                                    Framingham, MA 01701-5400
                                    Tel: 508-620-0055
                                    Fax: 508-620-7655

<u>Certificate of Service</u>

I hereby certify that this Defendants DMA/Digeronimo Associates, LLC And Digeronimo Associates, LTD's Answer To Plaintiff Franklin Pierce College's First Amended Complaint was electronically forwarded to all counsel of record on this date. Electronically filed through ECF to:

Attorneys For Plaintiff: Stanley A. Martin and Jeff D. Bernarducci, Holland & Knight LLP, 10 St. James Avenue, Boston 02116

Dated: March 20, 2006    /s/Karl J. Gross
                                    Karl J. Gross, Esquire
                                    -BBO #553465
                                    O'Reilly, Grosso & Gross, P.C.
                                    1671 Worcester Road, Suite 205
                                    Framingham, MA 01701-5400
                                    Tel: 508-620-0055
                                    Fax: 508-620-7655