UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **FRANKLIN PIERCE COLLEGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| v. ) | 05-40121-FDS |
| ) | |
| **DMA / DIGERONIMO-MIKULA** ) | |
| **ASSOCIATES, LLC and DIGERONIMO** ) | |
| **ASSOCIATES, LTD,** ) | |
| ) | |
| **Defendants / Third-Party** ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **H.E. CONTRACTING, INC.,** ) | |
| ) | |
| **Third-Party Defendant.** ) | |

### ORDER ON DEFENDANTS' / THIRD-PARTY
### PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**SAYLOR, J.**

Defendants/third-party plaintiffs DMA / DiGeronimo-Mikula Associates, LLC and DiGeronimo Associates, Ltd. have moved this Court to enter a default judgment against third-party defendant H.E. Contracting, Inc.

The Court has discretion to enter a judgment by default pursuant to Fed. R. Civ. P. 55(b)(2) when the moving party has demonstrated that the requirements of that rule are met and the Court is satisfied that judgment should be entered. The moving party must demonstrate, among other things, that the party against whom judgment is sought is not an infant or an incompetent person (unless represented in the action by a guardian or similar representative); that

the Court has jurisdiction over the party against whom judgment is sought and over the subject matter of the suit; that liability has otherwise been established; and that damages have been proved by record evidence. *See generally Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 2 (1st Cir. 2002); 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685 (1998).

In the exercise of its discretion to determine whether judgment should enter, the Court orders that there be a hearing regarding such motion on June 13, 2002, at 2:00 P.M. at which all parties should be prepared to address the following issues:

(1)     Whether service of process on H.E. Contracting was sufficient and is proved by record evidence;

(2)     Whether federal jurisdiction has been established;

(3)     Whether, assuming that jurisdiction has been established, defendants have stated a claim for contribution by H.E. Contractors for any judgment Franklin Pierce College may obtain against defendants; and

(4)     Whether Franklin Pierce College has obtained a judgment or settled a claim against H.E. Contractors in its state court action, and, if so, the effect of that judgment or settlement on any right of defendants for contribution with respect to the present action.

**So Ordered.**

                                                    /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV

Dated: May 3, 2006                                United States District Judge