UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| FRANKLIN PIERCE COLLEGE,<br><br>                      Plaintiff<br><br>v.<br><br>DMA/DIGERONIMO-MIKULA ASSOCIATES, LLC , and DIGERONIMO ASSOCIATES, LTD.,<br><br>                      Defendants | CIVIL ACTION 05-40121-FDS |

**FRANKLIN PIERCE COLLEGE'S MOTION TO COMPEL
THE DEFENDANTS TO PRODUCE DOCUMENTS
AND ANSWER INTERROGATORIES**

      Plaintiff, Franklin Pierce College ("Franklin Pierce" or the "College"), pursuant to Fed. R. Civ. P. 37(a), hereby moves this Court to enter an Order compelling each of the defendants DMA/DiGeronimo-Mikula Associates, LLC ("DMA") and DiGeronimo Associates, Ltd. ("DA") to complete their respective document productions, and for DA to supplement its interrogatory answers. In accordance with Rule 37(a)(4), Franklin Pierce also requests that this Court order the Defendants to pay the reasonable expenses and fees incurred by Franklin Pierce in making this Motion.

      As grounds for its Motion, Franklin Pierce states as follows:

      1. In the Spring and Summer of 2004, Franklin Pierce endeavored to construct two new, synthetic turf athletic fields (the "Project"). The College hired the Defendants to provide specialized consulting services and to monitor the construction phase of the Project. The Defendants, however, negligently advised the College with regard to the payment and progress of the site-work contractor. The Defendants also breached its contract by failure to perform

certain construction monitoring activities. This behavior proximately caused the demise of the Project and as a result cost Franklin Pierce an additional $1 million to finish and remediate the same.

2. Franklin Pierce filed this action on July 26, 2005 and duly served the Defendants on October 4, 2005.

3. Six months ago, on December 8, 2005, Franklin Pierce served its First Request for Production of Documents and First Set of Interrogatories on each of the Defendants. *See* Affidavit of Jeff D. Bernarducci, Esq. ("Bernarducci Aff."), Exh. A, B.

4. While the Defendants served written answers to the document requests, they only produced a handful of documents and have failed to supplement the same. More particularly, the Defendants failed to produce documents under Requests Nos. 1, 2, 4, 5, 7-10, 11, 13, 15 and 16. These requests include, but are not limited to:

- Daily or weekly field logs and/or diaries;
- Internal/external memoranda, meeting minutes, notes, and reports;
- Timecards, timesheets or any other documents referencing time spent on the project;
- Any and all resumés of defendant representatives involved with the Project;
- Documents referencing in any way site visits and/or analyses performed by the defendants with reference to the Project; and
- Emails relating to the Project;

*See id.*, Exh. B. Plaintif's have also sought color copies of photographs produced by DMA and the "insurance coverage statement" identified in DMA's Interrogatory Answer No. 5. *See id.*, Exh. C. Like the other documents, however, none of these have been produced. *See id.*, ¶ 3.

5. Additionally, DA fails to fully answer the College's first set of interrogatories. DA tries to avoid answering Interrogatories 2-9, 23 and 24 by stating that it "is an old company which has been inactive since DMA was instituted," and that "DiGeronimo Associates, LTD had no involvement, activity, and otherwise has no knowledge or information or relevant connection with [sic] Franklin Pierce College project." *See id.*, Exh. C. This answer is unresponsive. For example, Interrogatory No. 7 seeks the identity of DA shareholders and Interrogatory No. 8 seeks information related to any dealings between DA and certain individuals *prior to* the Project and dating back to January 1993. *See* Bernarducci Aff., Exh. C. The fact that DiGeronimo Associates is an older company that allegedly did not participate at the Project is completely unresponsive. These blanket responses prejudice Franklin Pierce's attempt to discovery information about its adversary's corporate structure and previous dealings with other persons involved in the Project. Franklin Pierce is entitled to *responsive* answers – whatever they may be.

6. On February 8, 2006, the undersigned wrote to Defendants' counsel and explained all the above objections in detail. *See id*. Exh. D. Shortly thereafter the parties conferenced by telephone and the undersigned was reassured that the Defendants would supplement its document production and interrogatory answers. *See id*., ¶ 6. The Defendants, however, have done nothing. *See id*.

7. As the consulting engineer on the Project, it is inconceivable that the Defendants would only possess the *one* email and the handful of other documents produced to date. This, when juxtaposed to the fact that the Defendants have neither responded to recent requests nor offered any explanation for their failure to respond,[1] demonstrates that the Defendants are simply

---

[1] Except for their attorney's representation in our Rule 7.1 conference on this Motion that the Defendants claim they "have no documents."

ignoring their discovery obligations. *See id.* ¶¶ 6-8. This Motion should therefore be allowed and the Defendants should be made to either comply with their obligations – or explain to the Court why they need not do so.

WHEREFORE, Franklin Pierce requests that the Court issue an Order compelling the Defendants to, on or before June 30, 2006: (1) produce all documents responsive to Plaintiff's document requests; (2) fully answer Plaintiff's First Set of Interrogatories to DiGeronimo Associates; and (3) pay forthwith Plaintiff's reasonable costs and fees incurred in bringing this Motion.

## REQUEST FOR HEARING

Plaintiff believes that oral argument on this Motion will assist the Court and therefore requests a hearing.

## CERTIFICATION UNDER LOCAL RULE 7.1

Plaintiff, Franklin Pierce College, by way of undersigned counsel and in connection with its Motion to Compel the Defendants to Produce Documents and Answer Interrogatories, hereby certifies as required under Local Rule 7.1 that counsel for all parties have conferred and attempted in good faith to resolve or narrow the issues presented by the Motion.

FRANKLIN PIERCE COLLEGE

By its Attorneys,

*/s/ Jeff D. Bernarducci*
Stanley A. Martin, BBO #543937
Jeff D. Bernarducci, BBO #657454
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

Dated: June 12, 2006

## CERTIFICATE OF SERVICE

  I, Jeff D. Bernarducci, counsel to Franklin Pierce College in the above-captioned matter, do hereby certify that on June 12, 2006, I served a copy of *Franklin Pierce College's Motion to Compel the Defendants to Produce Documents and Answer Interrogatories, and Affidavit of Jeff D. Bernarducci, Esq. in Support of Franklin Pierce College's Motion to Compel the Defendants to Produce Documents and Answer Interrogatories* in the following manner:

by CM/ECF to:

Karl J. Gross        kgross@ogglaw.com
            arosse@ogglaw.com

                 */s/ Jeff D. Bernarducci*
                 Stanley A. Martin, BBO #543957
                 Jeff D. Bernarducci, BBO #657454
                 HOLLAND & KNIGHT LLP
                 10 St. James Avenue
                 Boston, MA  02116
                 (617) 523-2700

Dated: June 12, 2006

                          # 3783971_v1
                          100372.00003