UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

---

FRANKLIN PIERCE COLLEGE,

                    Plaintiff

v.                                                    CIVIL ACTION 05-40121-FDS

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

                    Defendants

---

## AFFIDAVIT OF JEFF D. BERNARDUCCI, ESQ. IN SUPPORT OF FRANKLIN PIERCE COLLEGE'S MOTION TO COMPEL THE DEFENDANTS TO PRODUCE DOCUMENTS AND ANSWER INTERROGATORIES

I, Jeff D. Bernarducci, am an attorney in the Boston office of Holland & Knight LLP and have previously appeared in the above-captioned matter for the Plaintiff, Franklin Pierce College ("Franklin Pierce"). I have personal knowledge of the following, except where stated to be upon information and belief. I make this affidavit in support of Plaintiff's Motion To Compel The Defendants To Produce Documents and Answer Interrogatories (the "Motion").

1.      Attached hereto as Exhibit A are true and accurate copies of Franklin Pierce's First Sets of Interrogatories to DMA/DiGeronimo-Mikula Associates LLC and DiGeronimo Associates, Ltd., served December 8, 2005.

2.      Attached hereto as Exhibit B are true and accurate copies of Franklin Pierce's First Requests For Production of Documents to DMA/DiGeronimo-Mikula Associates LLC and DiGeronimo Associates, Ltd., served December 8, 2005.

3.      While the Defendants produced a handful of documents earlier this year, they have not, to date, produced documents responsive to Request Nos. 1, 2, 4, 5, 7-10, 11, 13, 15 and 16.  These requests include, but are not limited to:

- Daily or weekly field logs and/or diaries;

- Internal/external memoranda, meeting minutes, notes, and reports;

- Timecards, timesheets or any other documents referencing time spent on the project;

- Any and all resumés of defendant representatives involved with the Project;

- Documents referencing in any way site visits and/or analyses performed by the defendants with reference to the Project; and

- Emails relating to the Project;

The Plaintiff's have also sought color copies of photographs produced by DMA and the "insurance coverage statement" identified in DMA's Interrogatory Answer No. 5.  Like the other documents, however, none of these have been produced.

4.      Attached hereto as Exhibit C are true and accurate copies of DiGeronimo Associates Ltd.'s Responses to Franklin Pierce's First Set of Interrogatories.

5.      On February 8, 2006 the undersigned wrote to Defendants' counsel and explained Franklin Pierce's objections to Defendant's discovery responses.  A true and accurate copy of the February 8, 2006 letter is attached hereto as Exhibit D.

6.      Shortly thereafter, the parties conferenced by telephone and the undersigned was reassured that the Defendants would supplement its document production and interrogatory answers.  The Defendants, however, have done nothing.

7.      I sent another letter dated April 7, 2006 inquiring into the status of the supplemental document production and interrogatory response.  A true and accurate copy of the

same is attached hereto as Exhibit E.  I have received no response to that letter or explanation of the Defendants actions to date (except for their attorney's representation in our Rule 7.1 conference that the Defendants claim they "have no documents" and that counsel would meet with Defendants, discuss the same, and respond).

8.     Following our Rule 7.1 conference, I advised Defendants' counsel by letter of May 25, 2006 that if after his conference with the Defendants they did not produce outstanding discovery by June 9, 2006, this motion would be filed.  As of this date, I have received nothing further from the Defendants.

Signed under the pains and penalties of perjury this 12th day of June, 2006.

/s/ Jeff D. Bernarducci
Jeff D. Bernarducci, Esq.

# 3784745_v1
100372.00003

3

# EXHIBIT  A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

Plaintiff

v.

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

Defendants

CIVIL ACTION 05-40121-FDS

## FRANKLIN PIERCE COLLEGE'S FIRST SET OF INTERROGATORIES TO DMA/DIGERONIMO-MIKULA ASSOCIATES LLC

The Plaintiff, Franklin Pierce College, hereby propounds, pursuant to Fed. R. Civ. P. 33, the following interrogatories to be answered fully and completely under oath by the Defendant, DMA/DiGeronimo-Mikula Associates LLC ("DMA").

### INSTRUCTIONS

1.      These Interrogatories are continuing in nature so as to require supplementary answers if the defendant obtains further or different information before trial.

2.      Unless otherwise stated, these interrogatories encompass the period of time from January 1, 2003 to the present.

3.      Where knowledge or information is requested, such request includes knowledge of your subsidiaries, associated entities, agents, partners, shareholders, wards, guardians, employees, insurers, representatives, predecessors or successors in interest, independent contractors, and attorneys.

4.      Where the identification of a phone call is requested, you must set forth the caller and the recipient, the name of any other person who contributed to the conversation, the position of each person at the time the call was made, and the substance of the communication during the phone call.

5.    Where the identification of a meeting or conversation is requested (other than one made by telephone), you must set forth the date, location, and mode of the meeting or conversation, the names of the person(s) present, the name of the person who originated or initiated the meeting, and the substance of the meeting or conversation.

## DEFINITIONS

1.    These Interrogatories incorporate by reference the definitions of the terms "communication," "state the basis," "identify" (with respect to persons), "identify" (with respect to documents), "parties," "person," and "concerning" as set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts. In addition, the following definitions form an integral part of these requests:

2.    "Identify" or "identification" means, when used in reference to a financial or other account, the (i) name and number of the account, (ii) the entity (*i.e.,* corporation or institution) with which the account is held, (iii) the dates of origin of the account, and (iv) all persons who hold any interest in the account.

3.    The term "document" shall have the meaning set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts. The term is further used (in its broadest sense possible under Fed. R. Civ. P. 26) to include, without limitation, the following items (whether printed or recorded or reproduced by any process, or written or produced by hand or typewritten, and whether or not claimed to be privileged or confidential or personal): letters, reports, agreements, communications, correspondence, summaries, records or transcripts of personal conversations, including telephone calls and radio transmissions and/or receptions and/or broadcasts, logs, diaries, notebooks, drawings, sketches, photographs, minutes, records of attending meetings and/or conferences, telegrams, telexes, telecopies, telefaxes, opinions or reports of advisors and/or consultants, audits, reports or summaries or negotiations, circulars, advertisements, brochures, pamphlets, press releases, drafts of any documents, revisions of drafts of any documents, memoranda, books, original or preliminary notes, and all other materials of any tangible medium or expression. "Document" also includes and refers to data and/or

2

information electrically or electronically transmitted and/or received (electronic mail, e-mail), and data and/or information recorded and/or stored on computer card, tape (video, audio, magnetic or otherwise), disc, diskette, or by other means, as well as to information stored on microfilm, microfiche and the like. "Document" also includes and refers to the file or any container holding, or which once held, any documents, as well as to any writing or printing which might appear on such file or container holding, or which once held, any documents. "Document" also includes statements, accounting records, contracts, client contact reports, presentations, orders, printouts, graphs, worksheets, quotations, checks, wire transfers, credit advices, payment instructions, receipts and other indicia of payment and any other document as defined under the Federal Rules of Civil Procedure.

4.      The term "thing" or "things" shall mean all types of recorded information including, but not limited to, writings, drawings, drafts, charts, photographs, phono records and other data computations from which information can be obtained or which, if necessary, can be translated through detection devices into reasonably usable forms.

5.      The term "meeting" as used herein shall mean two or more persons who convene (either in person, via telephone, e-mail, or otherwise) for the purpose of discourse of any kind concerning the subject matter of these interrogatories.

6.      Any reference to any contract or agreement, written or oral, means all of the provisions of such contract or agreement, including, without limitation, exhibits, attachments, amendments (whether written or oral and regardless of effect), modifications (whether written or oral and regardless of effect), addenda, specifications, and related novations (whether written or oral and regardless of effect).

7.      The terms "DMA," "you," and "yours" as used herein shall mean the defendant, DMA/DiGeronimo-Mikula Associates LLC, and its past or present parent, affiliate and/or subsidiary companies, predecessors and successors, and all of its past or present shareholders, employees, agents, directors, officers, representatives, attorneys, investigators and consultants.

8.     The term "Franklin Pierce" as used herein shall mean the defendant Franklin Pierce College, its officers, employees, agents and representatives.

9.     The term "Project" as used herein shall mean the construction of two new, synthetic-turf athletic fields, and surrounding facilities, at Franklin Pierce in or about June 2004.

10.     To the extent necessary to bring within the scope of the these interrogatories any information that might otherwise be construed to be outside their scope: (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the word "any" means "any and all"; and (e) the singular includes the plural and the plural includes the singular.

11.     All other terms and definitions are to be interpreted in their common, ordinary sense.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify the person or persons signing these interrogatories.

### INTERROGATORY NO. 2:

Please identify all persons, other than counsel, with whom you consulted in preparing these answers to interrogatories.

### INTERROGATORY NO. 3:

Please list, identify and describe in detail all individuals, corporations or other entities whom you believe have any discoverable information concerning any of the facts alleged in Franklin Pierce's Complaint, stating for each the business address and residential address (if applicable), telephone number, and describing in detail the discoverable information.

4

**INTERROGATORY NO. 4:**

If you intend to rely upon any statements or representations, oral or written, that you contend were made by Franklin Pierce that may constitute admissions or admissions against interest, state in full the content of each statement or representation, identify the person by whom it was made, the means by which it was communicated, the date on which it was made, identify the person to whom it was made, and if it was oral, please also identify every person who heard the statement or representation.

**INTERROGATORY NO. 5:**

Please identify all insurance policies, including insurance for professional errors and omissions, obtained or maintained by DMA from January 1, 2004 through September 30, 2004. This includes, without limitation, all policies upon which DMA is listed as an additional insured or certificate holder.

**INTERROGATORY NO. 6:**

Please identify all assets, including, but not limited to, financial accounts, capital assets, accounts receivable, or any other commercial paper held by DMA whose value is greater than $25,000.

**INTERROGATORY NO. 7:**

Please identify all shareholders, owners, partners and/or any other stakeholder of DMA.

**INTERROGATORY NO. 8:**

Please identify and describe in detail any dealings by and between DMA and Eric or Jodie Lenardson (either individually or in their capacity as agents for H.E. Contracting, Inc. or other entities) prior to the Project and dating back to January 1, 1993.

**INTERROGATORY NO. 9:**

Please identify and describe in detail any relationship by and between Joseph

DiGeronimo, William J. Mikula, Eric Lenardson and/or Jodie Lenardson (each either

individually or in the capacity as an agent of other entities) prior to the Project and dating back to

January 1, 1993.

**INTERROGATORY NO. 10:**

Please identify and describe in detail any facts and circumstances that contributed to

DMA's advice that Franklin Pierce pay H.E. Contracting, Inc. 60% of its contract price up front

on the Project.

**INTERROGATORY NO. 11:**

Please identify and describe in detail any communications or other facts demonstrating

DMA's advice in July and August 2004 that H.E. Contracting, Inc. would be able to complete its

site work and should not be terminated.

**INTERROGATORY NO. 12:**

Please identify and describe in detail the frequency with which DMA visited the Project

site in each of June, July, and August 2004.

**INTERROGATORY NO. 13:**

Please identify and describe in detail each visit to the Project, including, but not limited

to, the purpose of each visit and the person(s) DMA communicated with.

**INTERROGATORY NO. 14:**

Please identify and describe in detail DMA's activities relative to the Project during

July, 2004; include in your answer all site visits, meetings, communications and documents of

any kind.

**INTERROGATORY NO. 15:**

Please identify and describe in detail any facts and circumstances evidencing how DMA "monitored"[1] H.E. Contracting's site work for proper compliance to plans and specifications, including in your answer, but without limitation, identification of documents, meetings, and other communications in furtherance of this contractual requirement.

**INTERROGATORY NO. 16:**

Please identify and describe in detail any facts and circumstances evidencing how DMA served to coordinate information or communications as between Franklin Pierce, H. E. Contracting and T.F. Moran, Inc.

**INTERROGATORY NO. 17:**

Please identify and describe in detail any weekly construction reports provided by DMA between May 2004 and September 2004.

**INTERROGATORY NO. 18:**

Please identify and describe in detail any facts evidencing DMA's input on the Projects' site-work plans at any time relative to the Project.

**INTERROGATORY NO. 19:**

Please identify and describe in detail any facts and circumstances evidencing how and when DMA ever reviewed each of H.E. Contracting, Inc.'s Change Orders 1-9.

**INTERROGATORY NO. 20:**

Please identify and describe in detail any other DMA employee involved with DMA's services at the Project and include in your answer whether such a person is still employed by DMA.

---

[1] The term "monitored" is taken directly from the DMA's Proposal that became the agreement between the parties –as defined in the Complaint, Exh. B.

**INTERROGATORY NO. 21:**

Please identify and describe in detail the daily whereabouts of Joseph DiGeronimo from August 25, 2004 through September 30, 2004.

**INTERROGATORY NO. 22:**

Please identify and describe in detail any facts and circumstances through which DMA came to be engaged with Franklin Pierce.

**INTERROGATORY NO. 23:**

State the name, residential address and business address of each person you expect to call as an expert witness at the trial of this matter and include the subject matter upon which the expert witness is expected to testify; the substance of fact and opinion to which the expert is expected to testify; the identity of each document or thing reviewed by the expert witness; and a summary of the grounds for each opinion.

**INTERROGATORY NO. 24:**

State the name, residential address and business address of each person you expect to call as a witness at the trial of this matter and include the subject matter upon which the witness is expected to testify.

Respectfully submitted,

FRANKLIN PIERCE COLLEGE

By its attorneys,

HOLLAND & KNIGHT LLP

Stanley A. Martin, Esq., BBO #543937
Jeff Bernarducci, Esq., BBO #657454
10 St. James Avenue
Boston, MA  02116
Tel:    617-523-2700
Email: stan.martin@hklaw.com

December ___, 2005

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

        Plaintiff

v.

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

        Defendants

CIVIL ACTION 05-40121-FDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of Franklin Pierce College's First Set of

Interrogatories to DMA/DiGeronimo-Mikula Associates LLC was served on the following

attorneys by first class mail on the _____ day of December, 2005

| Counsel for DMA/DiGeronimo-Mikula Associates, LLC | Counsel for Franklin Pierce College |
|---|---|
| Karl J. Gross, Esq. #553465 | Joseph S. Hoppock |
| O'Reilly, Grosso & Gross, P.C. | Goodnow, Arwe, Ayer, Prigge & Hoppock |
| 1671 Worcester Road, Suite 205 | 45 Roxbury Street |
| Framingham, MA  01701-5400 | P.O. Box 505 |
| kgross@ogglaw.com | Keene, NH  03431 |
|  | E-mail: jshoppock@gaaphk.com |

_____
Jeff Bernarducci, Esq.

# 3358545_v1
100372.00003

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

                        Plaintiff

v.                                                          CIVIL ACTION 05-40121-FDS

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

                        Defendants

## FRANKLIN PIERCE COLLEGE'S FIRST SET OF INTERROGATORIES TO DIGERONIMO ASSOCIATES LTD.

The Plaintiff, Franklin Pierce College, hereby propounds, pursuant to Fed. R. Civ. P. 33, the following interrogatories to be answered fully and completely under oath by the Defendant, DiGeronimo Associates, Ltd. ("DiGeronimo Associates").

## INSTRUCTIONS

1.      These Interrogatories are continuing in nature so as to require supplementary answers if the defendant obtains further or different information before trial.

2.      Unless otherwise stated, these interrogatories encompass the period of time from January 1, 2003 to the present.

3.      Where knowledge or information is requested, such request includes knowledge of your subsidiaries, associated entities, agents, partners, shareholders, wards, guardians, employees, insurers, representatives, predecessors or successors in interest, independent contractors, and attorneys.

4.      Where the identification of a phone call is requested, you must set forth the caller and the recipient, the name of any other person who contributed to the conversation, the position of each person at the time the call was made, and the substance of the communication during the phone call.

5.    Where the identification of a meeting or conversation is requested (other than one made by telephone), you must set forth the date, location, and mode of the meeting or conversation, the names of the person(s) present, the name of the person who originated or initiated the meeting, and the substance of the meeting or conversation.

## DEFINITIONS

1.    These Interrogatories incorporate by reference the definitions of the terms "communication," "state the basis," "identify" (with respect to persons), "identify" (with respect to documents), "parties," "person," and "concerning" as set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.  In addition, the following definitions form an integral part of these requests:

2.    "Identify" or "identification" means, when used in reference to a financial or other account, the (i) name and number of the account, (ii) the entity (*i.e.,* corporation or institution) with which the account is held, (iii) the dates of origin of the account, and (iv) all persons who hold any interest in the account.

3.    The term "document" shall have the meaning set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.  The term is further used (in its broadest sense possible under Fed. R. Civ. P. 26) to include, without limitation, the following items (whether printed or recorded or reproduced by any process, or written or produced by hand or typewritten, and whether or not claimed to be privileged or confidential or personal): letters, reports, agreements, communications, correspondence, summaries, records or transcripts of personal conversations, including telephone calls and radio transmissions and/or receptions and/or broadcasts, logs, diaries, notebooks, drawings, sketches, photographs, minutes, records of attending meetings and/or conferences, telegrams, telexes, telecopies, telefaxes, opinions or reports of advisors and/or consultants, audits, reports or summaries or negotiations, circulars, advertisements, brochures, pamphlets, press releases, drafts of any documents, revisions of drafts of any documents, memoranda, books, original or preliminary notes, and all other materials of any tangible medium or expression.  "Document" also includes and refers to data and/or

information electrically or electronically transmitted and/or received (electronic mail, e-mail), and data and/or information recorded and/or stored on computer card, tape (video, audio, magnetic or otherwise), disc, diskette, or by other means, as well as to information stored on microfilm, microfiche and the like. "Document" also includes and refers to the file or any container holding, or which once held, any documents, as well as to any writing or printing which might appear on such file or container holding, or which once held, any documents. "Document" also includes statements, accounting records, contracts, client contact reports, presentations, orders, printouts, graphs, worksheets, quotations, checks, wire transfers, credit advices, payment instructions, receipts and other indicia of payment and any other document as defined under the Federal Rules of Civil Procedure.

4.      The term "thing" or "things" shall mean all types of recorded information including, but not limited to, writings, drawings, drafts, charts, photographs, phono records and other data computations from which information can be obtained or which, if necessary, can be translated through detection devices into reasonably usable forms.

5.      The term "meeting" as used herein shall mean two or more persons who convene (either in person, via telephone, e-mail, or otherwise) for the purpose of discourse of any kind concerning the subject matter of these interrogatories.

6.      Any reference to any contract or agreement, written or oral, means all of the provisions of such contract or agreement, including, without limitation, exhibits, attachments, amendments (whether written or oral and regardless of effect), modifications (whether written or oral and regardless of effect), addenda, specifications, and related novations (whether written or oral and regardless of effect).

7.      The terms "DiGeronimo Associates, Ltd.," "you," and "yours" as used herein shall mean the defendant, DiGeronimo Associates, Ltd., and its past or present parent, affiliate and/or subsidiary companies, predecessors and successors, and all of its past or present shareholders, employees, agents, directors, officers, representatives, attorneys, investigators and consultants.

8.      The term "Franklin Pierce" as used herein shall mean the defendant Franklin Pierce

College, its officers, employees, agents and representatives.

9.      The term "Project" as used herein shall mean the construction of two new, synthetic-turf

athletic fields, and surrounding facilities, at Franklin Pierce in or about June 2004.

10.     To the extent necessary to bring within the scope of the these interrogatories any

information that might otherwise be construed to be outside their scope: (a) the word "or" means

"and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the

word "any" means "any and all"; and (e) the singular includes the plural and the plural includes

the singular.

11.     All other terms and definitions are to be interpreted in their common, ordinary sense.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the person or persons signing these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all persons, other than counsel, with whom you consulted in preparing

these answers to interrogatories.

**INTERROGATORY NO. 3:**

Please list, identify and describe in detail all individuals, corporations or other entities

whom you believe have any discoverable information concerning any of the facts alleged in

Franklin Pierce's Complaint, stating for each the business address and residential address (if

applicable), telephone number, and describing in detail the discoverable information.

**INTERROGATORY NO. 4:**

If you intend to rely upon any statements or representations, oral or written, that you

contend were made by Franklin Pierce that may constitute admissions or admissions against

interest, state in full the content of each statement or representation, identify the person by whom

4

it was made, the means by which it was communicated, the date on which it was made, identify the person to whom it was made, and if it was oral, please also identify every person who heard the statement or representation.

**INTERROGATORY NO. 5:**

Please identify all insurance policies, including insurance for professional errors and omissions, obtained or maintained by DMA from January 1, 2004 through September 30, 2004. This includes, without limitation, all policies upon which DMA is listed as an additional insured or certificate holder.

**INTERROGATORY NO. 6:**

Please identify all assets, including, but not limited to, financial accounts, capital assets, accounts receivable, or any other commercial paper held by DMA whose value is greater than $25,000.

**INTERROGATORY NO. 7:**

Please identify all shareholders, owners, partners and/or any other stakeholder of DMA.

**INTERROGATORY NO. 8:**

Please identify and describe in detail any dealings by and between DMA and Eric or Jodie Lenardson (either individually or in their capacity as agents for H.E. Contracting, Inc. or other entities) prior to the Project and dating back to January 1, 1993.

**INTERROGATORY NO. 9:**

Please identify and describe in detail any relationship by and between Joseph DiGeronimo, William J. Mikula, Eric Lenardson and/or Jodie Lenardson (each either individually or in the capacity as an agent of other entities) prior to the Project and dating back to January 1, 1993.

5

**INTERROGATORY NO. 10:**

Please identify and describe in detail any facts and circumstances that contributed to DMA's advice that Franklin Pierce pay H.E. Contracting, Inc. 60% of its contract price up front on the Project.

**INTERROGATORY NO. 11:**

Please identify and describe in detail any communications or other facts demonstrating DMA's advice in July and August 2004 that H.E. Contracting, Inc. would be able to complete its site work and should not be terminated.

**INTERROGATORY NO. 12:**

Please identify and describe in detail the frequency with which DMA visited the Project site in each of June, July, and August 2004.

**INTERROGATORY NO. 13:**

Please identify and describe in detail each visit to the Project, including, but not limited to, the purpose of each visit and the person(s) DMA communicated with.

**INTERROGATORY NO. 14:**

Please identify and describe in detail DMA's activities relative to the Project during July, 2004; include in your answer all site visits, meetings, communications and documents of any kind.

**INTERROGATORY NO. 15:**

Please identify and describe in detail any facts and circumstances evidencing how DMA "monitored"[1] H.E. Contracting's site work for proper compliance to plans and specifications, including in your answer, but without limitation, identification of documents, meetings, and other communications in furtherance of this contractual requirement.

---

[1]     The term "monitored" is taken directly from the DMA's Proposal that became the agreement between the parties –as defined in the Complaint, Exh. B.

**INTERROGATORY NO. 16:**

Please identify and describe in detail any facts and circumstances evidencing how DMA served to coordinate information or communications as between Franklin Pierce, H. E. Contracting and T.F. Moran, Inc.

**INTERROGATORY NO. 17:**

Please identify and describe in detail any weekly construction reports provided by DMA between May 2004 and September 2004.

**INTERROGATORY NO. 18:**

Please identify and describe in detail any facts evidencing DMA's input on the Projects' site-work plans at any time relative to the Project.

**INTERROGATORY NO. 19:**

Please identify and describe in detail any facts and circumstances evidencing how and when DMA ever reviewed each of H.E. Contracting, Inc.'s Change Orders 1-9.

**INTERROGATORY NO. 20:**

Please identify and describe in detail any other DMA employee involved with DMA's services at the Project and include in your answer whether such a person is still employed by DMA.

**INTERROGATORY NO. 21:**

Please identify and describe in detail the daily whereabouts of Joseph DiGeronimo from August 25, 2004 through September 30, 2004.

**INTERROGATORY NO. 22:**

Please identify and describe in detail any facts and circumstances through which DMA came to be engaged with Franklin Pierce.

**INTERROGATORY NO. 23:**

State the name, residential address and business address of each person you expect to

call as an expert witness at the trial of this matter and include the subject matter upon which

the expert witness is expected to testify; the substance of fact and opinion to which the expert

is expected to testify; the identity of each document or thing reviewed by the expert witness;

and a summary of the grounds for each opinion.

**INTERROGATORY NO. 24:**

State the name, residential address and business address of each person you expect to

call as a witness at the trial of this matter and include the subject matter upon which the

witness is expected to testify.

Respectfully submitted,

FRANKLIN PIERCE COLLEGE

By its attorneys,

HOLLAND & KNIGHT LLP

Stanley A. Martin, Esq., BBO #543937
Jeff Bernarducci, Esq., BBO #657454
10 St. James Avenue
Boston, MA  02116
Tel:    617-523-2700
Email: stan.martin@hklaw.com

December  8 , 2005

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

Plaintiff

v.                                                                    CIVIL ACTION 05-40121-FDS

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of Franklin Pierce College's First Set of

Interrogatories to DMA/DiGeronimo-Mikula Associates LLC was served on the following

attorneys by first class mail on the ___8th___ day of December, 2005

| Counsel for DMA/DiGeronimo-Mikula Associates, LLC | Counsel for Franklin Pierce College |
|---|---|
| Karl J. Gross, Esq. #553465 | Joseph S. Hoppock |
| O'Reilly, Grosso & Gross, P.C. | Goodnow, Arwe, Ayer, Prigge & Hoppock |
| 1671 Worcester Road, Suite 205 | 45 Roxbury Street |
| Framingham, MA  01701-5400 | P.O. Box 505 |
| kgross@ogglaw.com | Keene, NH  03431 |
| | E-mail: jshoppock@gaaphk.com |

_____
Jeff Bernarducci, Esq.

# 3358545_v1
100372.00003

9

# EXHIBIT  B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

                    Plaintiff

v.                                                              CIVIL ACTION 05-40121-FDS

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

                    Defendants

## FRANKLIN PIERCE COLLEGE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DMA/DIGERONIMO-MIKULA ASSOCIATES LLC

Plaintiff, Franklin Pierce College, hereby requests, pursuant to Fed. R. Civ. P. 34, that the

Defendant, DMA/DiGeronimo-Mikula Associates LLC ("DMA") produce for inspection and

copying in the time and manner provided by law, at the offices of HOLLAND & KNIGHT LLP,

10 St. James Avenue, Boston, Massachusetts, or at another location mutually agreed upon by

counsel, the documents as more particularly described herein.

## INSTRUCTIONS

1.      This Request is intended to cover all documents, things and communications

concerning the Project that are in the possession, custody, or control of the DMA.[1]  This includes

documents, things and communications that are located in DMA's offices or within DMA's

control or within the control or possession of DMA's past or present selectmen, mayors, officers,

committees, employees, directors, representatives, agents, attorneys, investigators, design

professionals and consultants.

---

[1] The terms "Project" and "DMA" are defined within.

2.     Unless otherwise stated, this Request is intended for the period of time from January 1, 1993 to the present.

3.     This Request includes the production of all non-identical copies of the Requested documents, including drafts and copies upon which notes or comments have been made.

4.     If any document responsive to this Request is not produced due to a claim of privilege to a part or parts of the document (including a claim that all or a portion of the document constitutes work product), describe each such document and the factual basis for the claim of privilege.  Documents shall be deemed to have been adequately listed and described for the purpose of this instruction when the following information has been provided:

     a.     the place, approximate date and manner of preparation of documents;

     b.     the name of each person who participated in the preparation of the documents;

     c.     the name and corporate position, if any, of each person other than attorneys representing you to whom the content of the document has been communicated in the past, whether by copy, exhibition, reading or substantial summarization;

     d.     the nature of the document and a brief description of its subject matter; and

     e.     each addressee, recipient or possessor of the document.

5.     To the extent that any Request is objected to on grounds other than privilege, set forth the factual and legal basis for the objection.  If you object in any part to any Request, produce all documents responsive to the remainder of that Request.

6.     Where a complete production in response to a particular Request is not possible, the production shall be made to the extent possible and the response shall indicate why only partial production could be made.

7.    If any document was, but is not longer, in your possession or subject to your custody or control, state what disposition was made of it.

8.    This Request is continuing in nature. Any documents which are secured or discovered after your initial response and document production which otherwise would have been included in that response or production had such documents been previously known or available shall be supplied by supplemental response to production.

9.    Documents and things produced in response to this Request are to be segregated and identified according to the particular paragraphs of this Request to which they are responsive or as they are kept in the ordinary course of business.

## DEFINITIONS

10.    These Requests incorporate by reference the definitions of the terms "communication," "identify" (with respect to persons), "identify" (with respect to documents), "parties," "person," and "concerning" as set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts. In addition, the following definitions form an integral part of these requests:

11.    "Identify" or "identification" means, when used in reference to a financial or other account, the (i) name and number of the account, (ii) the entity (*i.e.,* corporation or institution) with which the account is held, (iii) the dates of origin of the account, and (iv) all persons who hold any interest in the account.

12.    The term "document" shall have the meaning set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts. The term is further used (in its broadest sense possible under Fed. R. Civ. P. 26) to include, without limitation, the following items (whether printed or recorded or reproduced by any process, or written or

3

produced by hand or typewritten, and whether or not claimed to be privileged or confidential or

personal): letters, reports, agreements, communications, correspondence, summaries, records or

transcripts of personal conversations, including telephone calls and radio transmissions and/or

receptions and/or broadcasts, logs, diaries, notebooks, drawings, sketches, photographs, minutes,

records of attending meetings and/or conferences, telegrams, telexes, telecopies, telefaxes,

opinions or reports of advisors and/or consultants, audits, reports or summaries or negotiations,

circulars, advertisements, brochures, pamphlets, press releases, drafts of any documents,

revisions of drafts of any documents, memoranda, books, original or preliminary notes, and all

other materials of any tangible medium or expression. "Document" also includes and refers to

data and/or information electrically or electronically transmitted and/or received (electronic mail,

e-mail), and data and/or information recorded and/or stored on computer card, tape (video, audio,

magnetic or otherwise), disc, diskette, or by other means, as well as to information stored on

microfilm, microfiche and the like. "Document" also includes and refers to the file or any

container holding, or which once held, any documents, as well as to any writing or printing

which might appear on such file or container holding, or which once held, any documents.

"Document" also includes statements, accounting records, contracts, client contact reports,

presentations, orders, printouts, graphs, worksheets, quotations, checks, wire transfers, credit

advices, payment instructions, receipts and other indicia of payment and any other document as

defined under the Federal Rules of Civil Procedure.

13.    The term "thing" or "things" shall mean all types of recorded information

including, but not limited to, writings, drawings, drafts, charts, photographs, phono records and

other data computations from which information can be obtained or which, if necessary, can be

translated through detection devices into reasonably usable forms.

4

14.    The term "meeting" as used herein shall mean two or more persons who convene (either in person, via telephone, e-mail, or otherwise) for the purpose of discourse of any kind concerning the subject matter of these interrogatories.

15.    Any reference to any contract or agreement, written or oral, means all of the provisions of such contract or agreement, including, without limitation, exhibits, attachments, amendments (whether written or oral and regardless of effect), modifications (whether written or oral and regardless of effect), addenda, specifications, and related novations (whether written or oral and regardless of effect).

16.    The terms "DMA," "you," and "yours" as used herein shall mean the defendant, DMA/DiGeronimo-Mikula Associates LLC, and its past or present parent, affiliate and/or subsidiary companies, predecessors and successors, and all of its past or present shareholders, employees, agents, directors, officers, representatives, attorneys, investigators and consultants.

17.    The term "Franklin Pierce" as used herein shall mean the defendant Franklin Pierce College, its officers, employees, agents and representatives.

18.    The term "Project" as used herein shall mean the construction of two new, synthetic-turf athletic fields, and surrounding facilities, at Franklin Pierce in or about June 2004.

19.    "H. E. Contracting" as used herein shall mean H. E. Contracting, Inc., and its past or present parent, affiliate and/or subsidiary companies, predecessors and successors, and all of its past or present shareholders, employees, agents, directors, officers, representatives, attorneys, investigators and consultants.

20.    To the extent necessary to bring within the scope of the these interrogatories any information that might otherwise be construed to be outside their scope: (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the

5

word "any" means "any and all"; and (e) the singular includes the plural and the plural includes the singular.

21.    All other terms and definitions are to be interpreted in their common, ordinary sense.

## REQUESTS

1.    All documents concerning or related to the Project.

2.    All documents concerning or related to DMA's work and services related to the Project.

3.    All contracts, purchase orders, agreements, amendments, addenda, and revisions thereto, and any other document(s) constituting or evidencing a contract between DMA and Franklin Pierce concerning or related to the Project.

4.    Correspondence, memoranda, transmittals, submittals, letters, notes, emails, telegrams, telephone memoranda or telephone logs, reports and other documents transmitted or communicated between DMA and Franklin Pierce, or between DMA and any other person or party, concerning the Project.

5.    Meeting minutes, notes, reports, agenda and other documents concerning any meetings held between DMA and Franklin Pierce, or between DMA and any other person or party relating to the Project.

6.    Requisitions, applications for payment, purchase orders, invoices, bills, drafts, checks, receipts, general ledgers, statements, purchase journals, accounts receivable ledgers, accounts payable ledgers, books of account, bank statements and other documents concerning or relating to costs, expenses and/or financial data or relating to payment of such costs and the like, relating to or concerning the Project.

7.     Timesheets, time cards, and daily, weekly or other periodic reports, and any other documents which record or reflect time spent by DMA, its employees, representatives or agents in connection with the Project.

8.     Resumés of all DMA owners, shareholders, partners, employees, consultants and representatives who were involved with, or provided services to, the Project.

9.     Reports, site-visit reports, studies, analyses, memoranda, investigations, tests, test reports, transmittals, submittals, and other documents concerning or relating to any observation, site visit, study, investigation or analysis performed by DMA or any of its consultants, contractors, or agents concerning the Project.

10.    Notes, memoranda, reports, telephone memoranda or telephone logs, emails and other documents reflecting or concerning internal or in-house records developed, received or maintained by DMA or its consultants, contractors, or agents, concerning the Project.

11.    All photographs, renderings, movies, videotapes and other pictorial representations of the Project.

12.    Plans, including sepia, mylars and blueline prints, drawings, sketches, and other documents including, without limitation, all such documents prepared by T.F. Moran, Inc., its employees, consultants and representatives, depicting or purporting to depict the design of the Project and/or the "as built" conditions on the Project.

13.    Please identify all insurance policies, including insurance for professional errors and omissions, obtained or maintained by DMA from January 1, 2004 through September 30, 2004. This includes, without limitation, all policies upon which DMA is listed as an additional insured or certificate holder.

14.     Schedules, progress schedules, bar charts, CPM or CPM charts, timetables and other documents concerning or relating to the progress or analysis thereof, of the Project.

15.     Reports, notes, memoranda, and other documents concerning visits or inspections by DMA or any of DMA's consultants, investigators, agents or representatives, acting for or on behalf of DMA concerning the Project.

16.     All email or electronic communications from January 1, 2003 through October 31, 2004 that include, in the "Re" line or the message text, any reference to Franklin Pierce, the Project, Bruce Kirsh, or any reference to any other person or entity who is or was involved with the Project.

Respectfully submitted,

FRANKLIN PIERCE COLLEGE

By its attorneys,

HOLLAND & KNIGHT LLP

Stanley A. Martin, Esq., BBO #543937
Jeff Bernarducci, Esq., BBO #657454
10 St. James Avenue
Boston, MA 02116
Tel:    617-523-2700
Email: stan.martin@hklaw.com

December ___, 2005

# 3428785_v1
100372.00003

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

        Plaintiff

v.

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

        Defendants

CIVIL ACTION 05-40121-FDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of Franklin Pierce College's First Set of

Interrogatories to DMA/DiGeronimo-Mikula Associates LLC was served on the following

attorneys by first class mail on the ___8___ day of December, 2005

| Counsel for DMA/DiGeronimo-Mikula Associates, LLC | Counsel for Franklin Pierce College |
|---|---|
| Karl J. Gross, Esq. #553465 | Joseph S. Hoppock |
| O'Reilly, Grosso & Gross, P.C. | Goodnow, Arwe, Ayer, Prigge & Hoppock |
| 1671 Worcester Road, Suite 205 | 45 Roxbury Street |
| Framingham, MA  01701-5400 | P.O. Box 505 |
| kgross@ogglaw.com | Keene, NH  03431 |
|  | E-mail: jshoppock@gaaphk.com |

Jeff Bernarducci, Esq.

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

                    Plaintiff

v.                                                      CIVIL ACTION 05-40121-FDS

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

                    Defendants

## FRANKLIN PIERCE COLLEGE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DIGERONIMO ASSOCIATES, LTD.

Plaintiff, Franklin Pierce College, hereby requests, pursuant to Fed. R. Civ. P. 34, that the Defendant, DiGeronimo Associates, Ltd. ("DiGeronimo Associates") produce for inspection and copying in the time and manner provided by law, at the offices of HOLLAND & KNIGHT LLP, 10 St. James Avenue, Boston, Massachusetts, or at another location mutually agreed upon by counsel, the documents as more particularly described herein.

## INSTRUCTIONS

1.    This Request is intended to cover all documents, things and communications concerning the Project that are in the possession, custody, or control of the DiGeronimo Associates.[1] This includes documents, things and communications that are located in DiGeronimo Associates's offices or within DiGeronimo Associates' control or within the control or possession of DiGeronimo Associates' past or present selectmen, mayors, officers, committees, employees, directors, representatives, agents, attorneys, investigators, design professionals and consultants.

---

[1]  The terms "Project" and "DMA" are defined within.

2.     Unless otherwise stated, this Request is intended for the period of time from January 1, 1993 to the present.

3.     This Request includes the production of all non-identical copies of the Requested documents, including drafts and copies upon which notes or comments have been made.

4.     If any document responsive to this Request is not produced due to a claim of privilege to a part or parts of the document (including a claim that all or a portion of the document constitutes work product), describe each such document and the factual basis for the claim of privilege.  Documents shall be deemed to have been adequately listed and described for the purpose of this instruction when the following information has been provided:

> a.     the place, approximate date and manner of preparation of documents;
>
> b.     the name of each person who participated in the preparation of the documents;
>
> c.     the name and corporate position, if any, of each person other than attorneys representing you to whom the content of the document has been communicated in the past, whether by copy, exhibition, reading or substantial summarization;
>
> d.     the nature of the document and a brief description of its subject matter; and
>
> e.     each addressee, recipient or possessor of the document.

5.     To the extent that any Request is objected to on grounds other than privilege, set forth the factual and legal basis for the objection.  If you object in any part to any Request, produce all documents responsive to the remainder of that Request.

6.     Where a complete production in response to a particular Request is not possible, the production shall be made to the extent possible and the response shall indicate why only partial production could be made.

7.    If any document was, but is not longer, in your possession or subject to your custody or control, state what disposition was made of it.

8.    This Request is continuing in nature. Any documents which are secured or discovered after your initial response and document production which otherwise would have been included in that response or production had such documents been previously known or available shall be supplied by supplemental response to production.

9.    Documents and things produced in response to this Request are to be segregated and identified according to the particular paragraphs of this Request to which they are responsive or as they are kept in the ordinary course of business.

## DEFINITIONS

10.    These Requests incorporate by reference the definitions of the terms "communication," "identify" (with respect to persons), "identify" (with respect to documents), "parties," "person," and "concerning" as set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts. In addition, the following definitions form an integral part of these requests:

11.    "Identify" or "identification" means, when used in reference to a financial or other account, the (i) name and number of the account, (ii) the entity (*i.e.,* corporation or institution) with which the account is held, (iii) the dates of origin of the account, and (iv) all persons who hold any interest in the account.

12.    The term "document" shall have the meaning set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts. The term is further used (in its broadest sense possible under Fed. R. Civ. P. 26) to include, without limitation, the following items (whether printed or recorded or reproduced by any process, or written or

3

produced by hand or typewritten, and whether or not claimed to be privileged or confidential or

personal): letters, reports, agreements, communications, correspondence, summaries, records or

transcripts of personal conversations, including telephone calls and radio transmissions and/or

receptions and/or broadcasts, logs, diaries, notebooks, drawings, sketches, photographs, minutes,

records of attending meetings and/or conferences, telegrams, telexes, telecopies, telefaxes,

opinions or reports of advisors and/or consultants, audits, reports or summaries or negotiations,

circulars, advertisements, brochures, pamphlets, press releases, drafts of any documents,

revisions of drafts of any documents, memoranda, books, original or preliminary notes, and all

other materials of any tangible medium or expression. "Document" also includes and refers to

data and/or information electrically or electronically transmitted and/or received (electronic mail,

e-mail), and data and/or information recorded and/or stored on computer card, tape (video, audio,

magnetic or otherwise), disc, diskette, or by other means, as well as to information stored on

microfilm, microfiche and the like. "Document" also includes and refers to the file or any

container holding, or which once held, any documents, as well as to any writing or printing

which might appear on such file or container holding, or which once held, any documents.

"Document" also includes statements, accounting records, contracts, client contact reports,

presentations, orders, printouts, graphs, worksheets, quotations, checks, wire transfers, credit

advices, payment instructions, receipts and other indicia of payment and any other document as

defined under the Federal Rules of Civil Procedure.

13.    The term "thing" or "things" shall mean all types of recorded information

including, but not limited to, writings, drawings, drafts, charts, photographs, phono records and

other data computations from which information can be obtained or which, if necessary, can be

translated through detection devices into reasonably usable forms.

4

14.    The term "meeting" as used herein shall mean two or more persons who convene (either in person, via telephone, e-mail, or otherwise) for the purpose of discourse of any kind concerning the subject matter of these interrogatories.

15.    Any reference to any contract or agreement, written or oral, means all of the provisions of such contract or agreement, including, without limitation, exhibits, attachments, amendments (whether written or oral and regardless of effect), modifications (whether written or oral and regardless of effect), addenda, specifications, and related novations (whether written or oral and regardless of effect).

16.    The terms "DiGeronimo Associates," "you," and "yours" as used herein shall mean the defendant, DiGeronimo Associates, Ltd., and its past or present parent, affiliate and/or subsidiary companies, predecessors and successors, and all of its past or present shareholders, employees, agents, directors, officers, representatives, attorneys, investigators and consultants.

17.    The term "Franklin Pierce" as used herein shall mean the defendant Franklin Pierce College, its officers, employees, agents and representatives.

18.    The term "Project" as used herein shall mean the construction of two new, synthetic-turf athletic fields, and surrounding facilities, at Franklin Pierce in or about June 2004.

19.    "H. E. Contracting" as used herein shall mean H. E. Contracting, Inc., and its past or present parent, affiliate and/or subsidiary companies, predecessors and successors, and all of its past or present shareholders, employees, agents, directors, officers, representatives, attorneys, investigators and consultants.

20.    To the extent necessary to bring within the scope of the these interrogatories any information that might otherwise be construed to be outside their scope: (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the


word "any" means "any and all"; and (e) the singular includes the plural and the plural includes the singular.

21.    All other terms and definitions are to be interpreted in their common, ordinary sense.

## REQUESTS

1.    All documents concerning or related to the Project.

2.    All documents concerning or related to DiGeronimo Associates' work and services related to the Project.

3.    All contracts, purchase orders, agreements, amendments, addenda, and revisions thereto, and any other document(s) constituting or evidencing a contract between DiGeronimo Associates and Franklin Pierce concerning or related to the Project.

4.    Correspondence, memoranda, transmittals, submittals, letters, notes, emails, telegrams, telephone memoranda or telephone logs, reports and other documents transmitted or communicated between DiGeronimo Associates and Franklin Pierce, or between DiGeronimo Associates and any other person or party, concerning the Project.

5.    Meeting minutes, notes, reports, agenda and other documents concerning any meetings held between DiGeronimo Associates and Franklin Pierce, or between DiGeronimo Associates and any other person or party relating to the Project.

6.    Requisitions, applications for payment, purchase orders, invoices, bills, drafts, checks, receipts, general ledgers, statements, purchase journals, accounts receivable ledgers, accounts payable ledgers, books of account, bank statements and other documents concerning or relating to costs, expenses and/or financial data or relating to payment of such costs and the like, relating to or concerning the Project.

6

7.      Timesheets, time cards, and daily, weekly or other periodic reports, and any other documents which record or reflect time spent by DiGeronimo Associates, its employees, representatives or agents in connection with the Project.

8.      Resumés of all DiGeronimo Associates owners, shareholders, partners, employees, consultants and representatives who were involved with, or provided services to, the Project.

9.      Reports, site-visit reports, studies, analyses, memoranda, investigations, tests, test reports, transmittals, submittals, and other documents concerning or relating to any observation, site visit, study, investigation or analysis performed by DiGeronimo Associates or any of its consultants, contractors, or agents concerning the Project.

10.     Notes, memoranda, reports, telephone memoranda or telephone logs, emails and other documents reflecting or concerning internal or in-house records developed, received or maintained by DiGeronimo Associates or its consultants, contractors, or agents, concerning the Project.

11.     All photographs, renderings, movies, videotapes and other pictorial representations of the Project.

12.     Plans, including sepia, mylars and blueline prints, drawings, sketches, and other documents including, without limitation, all such documents prepared by T.F. Moran, Inc., its employees, consultants and representatives, depicting or purporting to depict the design of the Project and/or the "as built" conditions on the Project.

13.     Please identify all insurance policies, including insurance for professional errors and omissions, obtained or maintained by DiGeronimo Associates from January 1, 2004 through

7

September 30, 2004. This includes, without limitation, all policies upon which DiGeronimo

Associates is listed as an additional insured or certificate holder.

14.     Schedules, progress schedules, bar charts, CPM or CPM charts, timetables and

other documents concerning or relating to the progress or analysis thereof, of the Project.

15.     Reports, notes, memoranda, and other documents concerning visits or inspections

by DiGeronimo Associates or any of DiGeronimo Associates' consultants, investigators, agents

or representatives, acting for or on behalf of DiGeronimo Associates concerning the Project.

16.     All email or electronic communications from January 1, 2003 through October

31, 2004 that include, in the "Re" line or the message text, any reference to Franklin Pierce, the

Project, Bruce Kirsh, or any reference to any other person or entity who is or was involved with

the Project.

Respectfully submitted,

FRANKLIN PIERCE COLLEGE

By its attorneys,

HOLLAND & KNIGHT LLP

Stanley A. Martin, Esq., BBO #543937
Jeff Bernarducci, Esq., BBO #657454
10 St. James Avenue
Boston, MA  02116
Tel:     617-523-2700
Email: stan.martin@hklaw.com

December 8, 2005

# 3435736_v1
100372.00003

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

       Plaintiff

v.                                                                                CIVIL ACTION 05-40121-FDS

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD.,

       Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of Franklin Pierce College's First Set of

Interrogatories to DiGeronimo Associates, Ltd. was served on the following attorneys by first

class mail on the _____ day of December, 2005

DMA

| Counsel for DiGeronimo Associates, Ltd. | Counsel for Franklin Pierce College |
|---|---|
| Karl J. Gross, Esq. #553465 | Joseph S. Hoppock |
| O'Reilly, Grosso & Gross, P.C. | Goodnow, Arwe, Ayer, Prigge & Hoppock |
| 1671 Worcester Road, Suite 205 | 45 Roxbury Street |
| Framingham, MA  01701-5400 | P.O. Box 505 |
| kgross@ogglaw.com | Keene, NH  03431 |
|  | E-mail jshoppock@gaaphk.com |

Jeff Bernarducci, Esq.

**EXHIBIT  C**

UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

C.A. NO. 05-40121FDS

| | |
|---|---|
| FRANKLIN PIERCE COLLEGE<br>    Plaintiff | ) |
| V. | ) |
| DMA/DIGERONIMO-MIKULA ASSOCIATES, LLC | ) |
| AND DIGERONIMO ASSOCIATES, LTD | ) |
|     Defendants/Third-Party Plaintiffs | ) |
| | ) |
| V. | ) |
| H. E. CONTRACTING, INC. | ) |
|     Third-Party Defendant | ) |

## Defendant, DiGeronimo Associates, LTD's Responses to Franklin Pierce College's First Set of Interrogatories

### General Objections

Defendant, DiGeronimo Associates, Ltd. objects to the definitions and instructions contained in Plaintiff's Interrogatories to the extent they are overly broad and go beyond the scope of discovery required under Mass. R. Civ. P. 26 and 33. Defendant also objects to any request for disclosure of any information protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity.

Without waiving the foregoing objection Defendant answers as follows.

### INTERROGATORY NO. 1
Please identify the person or persons signing these interrogatories.

### RESPONSE TO INTERROGATORY NO. 1
Joseph DiGeronimo. DiGeronimo Associates is an old company which has been inactive since DMA was instituted. DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

### INTERROGATORY NO. 2
Please identify all persons, other than counsel, with whom you consulted in preparing these answers to interrogatories.

1

**RESPONSE TO INTERROGATORY NO. 2**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 3**
Please list, identify and describe in detail all individuals, corporations or other entities whom you believe have discoverable information concerning any of the facts alleged in Franklin Pierce's Complaint, stating for each the business address and residential address (if applicable), telephone number, and describing in detail the discoverable information.

**RESPONSE TO INTERROGATORY NO. 3**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 4**
If you intend to rely upon any statements or representations, oral or written, that you contend were made by Franklin Pierce that may constitute admissions or admissions against interest, state in full the content of each statement or representation, identify the person by whom it was made, the means by which it was communicated, the date on which it was made, identify the person to whom it was made, and if it was oral, please also identify every person who heard the statement or representation.

**RESPONSE TO INTERROGATORY NO. 4**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 5**
Please identify all insurance policies, including insurance for professional errors and omissions, obtained or maintained by DMA from January 1, 2004 through September 30, 2004.  This includes, without limitation, all policies upon which DMA is listed ads an additional insured or certificate holder.

**RESPONSE TO INTERROGATORY NO. 5**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 6**
Please identify all assets, including but not limited to, financial accounts, capital assets, accounts receivable, or any other commercial paper held by DMA whose value is greater that $25,000.00.

**RESPONSE TO INTERROGATORY NO. 6**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 7**
Please identify all shareholders, owners, partners and/or any other stakeholder of DMA.

**RESPONSE TO INTERROGATORY NO. 7**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 8**
Please identify and describe in detail any dealings by and between DMA and Eric or Jodie Lenardson (either individually or in their capacity as agents for H.E. Contracting, Inc. or other entities) prior to the Project and dating back to January 1, 1993.

**RESPONSE TO INTERROGATORY NO. 8**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 9**
Please identify and describe in detail any relationship by and
between Joseph DiGeronimo, William J. Mikula, Eric Lenardson
and/or Jodie Lenardson (each either individually or in the
capacity as an agent of other entities) prior to the project and
dating back to January 1, 1993.

**RESPONSE TO INTERROGATORY NO. 9**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 10**
Please identify and describe in detail any facts ands
circumstances that contributed to DMA's advice that Franklin
Pierce pay H.E. Contracting, Inc. 60% of its contract price up
front on the Project.

**RESPONSE TO INTERROGATORY NO. 10**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 11**
Please identify and describe in detail any communications or
other facts demonstrating DMA's advice in July and August 2004
that H.E. Contracting, Inc. would be able to complete its site
work and should not be terminated.

**RESPONSE TO INTERROGATORY NO. 11**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 12**
Please identify and describe in detail the frequency with which
DMA visited the Project site in each of June, July, and August
2004.

**RESPONSE TO INTERROGATORY NO. 12**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 13**
Please identify and describe in detail each visit to the
Project, including, but not limited to, the purpose of each
visit and the person(s) DMA communicated with.

**RESPONSE TO INTERROGATORY NO. 13**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 14**
Please identify and describe in detail DMA's activities relative
to the Project during July, 2004; include in your answer all
site visits, meetings, communications and documents of any kind.

**RESPONSE TO INTERROGATORY NO. 14**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 15**
Please identify and describe in detail any facts and
circumstances evidencing how DMA 'monitored" H.E. Contracting's
site work for proper compliance to plans and specifications,
including in your answer, but without limitation, identification
of documents, meetings, and other communications in furtherance
of this contractual requirement.

**RESPONSE TO INTERROGATORY NO. 15**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 16**
Please identify and describe in detail any facts and circumstances evidencing how DMA served to coordinate information pr communications as between Franklin Pierce, H.E. Contracting and T.F. Moran, Inc.

**RESPONSE TO INTERROGATORY NO. 16**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 17**
Please identify and describe in detail any weekly construction reports provided by DMA between May 2004 and September 2004.

**RESPONSE TO INTERROGATORY NO. 17**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 18**
Please identify and describe in detail any facts evidencing DMA's input on the Projects' site-work plans at any time relative to the project.

**RESPONSE TO INTERROGATORY NO. 18**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

**INTERROGATORY NO. 19**
Please identify and describe in detail any facts and circumstances evidencing how and when DMA ever reviewed each of H.E. Contracting, Inc.'s Change Orders 1-9.

**RESPONSE TO INTERROGATORY NO. 19**
DiGeronimo Associates is an old company which has been inactive since DMA was instituted.  DiGeronimo Associates, Ltd. had no involvement, activity, and otherwise has no knowledge or information or relevant connection with Franklin Pierce College Project.

6

**INTERROGATORY NO. 20**
Please identify and describe in detail any other DMA employee
involved with DMA's services at the project and include in your
answer whether such a person is still employed by DMA.

**RESPONSE TO INTERROGATORY NO. 20**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 21**
Please identify and describe in detail the daily whereabouts of
Joseph DiGeronimo from August 25, 2004 through September 30,
2004.

**RESPONSE TO INTERROGATORY NO. 21**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 22**
Please identify and describe in detail any facts and
circumstances through which DMA came to be engaged with Franklin
Pierce.

**RESPONSE TO INTERROGATORY NO. 22**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 23**
State the name, residential address and business address of each
person you expect to call as an expert witness at the trial f
this matter and include the subject matter upon which the expert
witness is expected to testify; the substance of fact and
opinion to which the expert is expected to testify; the identity
of each document or thing reviewed by the expert witness; and a
summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 23**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

**INTERROGATORY NO. 24**
State the name, residential address and business address of each
person you expect to call as a witness at the trial of this
matter and include the subject matter upon which the witness is
expected to testify.

**RESPONSE TO INTERROGATORY NO. 24**
DiGeronimo Associates is an old company which has been inactive
since DMA was instituted.  DiGeronimo Associates, Ltd. had no
involvement, activity, and otherwise has no knowledge or
information or relevant connection with Franklin Pierce College
Project.

Signed under the penalties of perjury this 30 ᵗᴴ day of
TANUACY , 2006.

DiGeronimo Associates, LTD.
By: Joseph DiGeronimo
Its PRESIDENT

As to objections
Respectfully Submitted,
DiGeronimo Associates, LTD.
By its Attorney

Dated: January 7, 2006

Karl J. Gross, Esquire
-BBO #553465
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Tel: 508-620-0055
Fax: 508-620-7655

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true
copy of the above document was served
upon the Attorney of Record for each Party
by mail-hand on. 1.31.06
+ Pary

8

**EXHIBIT  D**

# Holland+Knight

Tel  617 523 2700
Fax  617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116-3889
www.hklaw.com

February 8, 2006

Jeff D. Bernarducci
617 854-1408
jeff.bernarducci@hklaw.com

**By Fax (508) 620-7655**
**And First Class Mail**

Karl J. Gross, Esq.
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA  01701-5400

> Re:   *Franklin Pierce College v. DMA/DiGeronimo-Mikula Associates, LLC and*
> *DiGeronimo Associates, Ltd. v. H.E. Contracting, Inc.*
> U.S. District Court Docket No. 05-40121FDS

Dear Karl:

I write in response to your client's Initial Disclosure and Responses to Franklin Pierce's First Request for Documents and First Set of Interrogatories. I would like to have a conference call with you regarding the same; however, I think that it would be efficient to highlight several issues.

First, the document production of DMA/DiGeronimo-Mikula Associates, LLC ("DMA") is not complete. The following categories of documents were requested by Franklin Pierce, but not produced by DMA. The below list is derived from, without limitation, Requests Nos. 1, 2, 4, 5, 7, 8, 9, 10, 11, 13, 15 and 16:

- Copies of the professional errors and omissions insurance policy issued by Porter and Yee Associates, Inc. (only an insurance certificate was produced);

- Daily or weekly field logs and/or diaries;

- Internal/external memoranda, meeting minutes, notes, and reports;

- Timecards, timesheets or any other documents referencing time spent on the project by any DMA representative;

- Any and all resumés of DMA representatives involved with the Project;

Karl J. Gross, Esq.
February 8, 2006
Page 2

- Documents referencing in any way site visits and/or analyses performed by DMA with reference to the Project;

- Color copies of the ten black and white photos already produced by DMA; and

- In conjunction with Request No. 16, any emails relating to the Project (please note that in the Franklin Pierce production to DMA, numerous emails were produced by and between DMA and Franklin Pierce; it is therefore inconceivable that DMA would produce only one email in its entire production).

Second, as to DMA's interrogatory responses, it is requested that your client supplement its answer to Interrogatory No. 5. DMA indicates in said answer that an "insurance coverage statement" is enclosed. Other than the Certificate of Insurance produced with the initial disclosure, there was no "insurance coverage statement" enclosed. Please advise.

Finally, please also note that the interrogatory answers of DiGeronimo Associates, LTD ("DA") are largely unresponsive. DA cannot avoid answering interrogatory nos. 2-9, 23 and 24 merely by stating that it "is an old company which has been inactive since DMA was instituted…," and that "DiGeronimo Associates, LTD had no involvement, activity, and otherwise has no knowledge or information or relevant connection with [sic] Franklin Pierce College project." Please supplement these answers.

Karl, please contact me at your earliest convenience so that we may discuss these matters.

Very truly yours,

HOLLAND & KNIGHT LLP

Jeff D. Bernarducci

JDB/bsw: # 3571982_v1
100372.00003
cc:     Stanley A. Martin, Esq.

**EXHIBIT E**

# Holland+Knight

Tel  617 523 2700
Fax  617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston. MA 02116-3889
www.hklaw.com

Jeff D. Bernarducci
617 854-1408
jeff.bernarducci@hklaw.com

April 7, 2006

***VIA FACSIMILE***
***(508) 620-7655 and***
***First Class Mail***

Karl J. Gross, Esq.
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA  01701-5400

Re:    *Franklin Pierce College v. DMA/DiGeronimo-Mikula Associates, LLC and
DiGeronimo Associates, Ltd. v. H.E. Contracting, Inc.*
U.S. District Court, Docket No. 05-40121FDS

Dear Karl:

I have not heard from you with regard to DMA's supplemental discovery responses and documents as requested in my letter of February 8, 2006, and as confirmed in our phone call shortly thereafter.

I also have no response as to whether DMA will schedule a formal mediation of this matter in the upcoming months.  As we have discussed, Franklin Pierce is receptive to such a course of action.

Please advise.

Very truly yours,

HOLLAND & KNIGHT LLP

Jeff D. Bernarducci

JDB/bsw: # 3705490_v1
100372.00003
cc:    Stanley A. Martin, Esq.

Annapolis • Atlanta • Bethesda • Boston • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • Rancho Santa Fe • Sacramento
San Francisco • Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas* • Helsinki* • Mexico City • Tel Aviv* • Tokyo • *Representative Office

Karl J. Gross, Esq.
April 7, 2006
Page 2


bcc:    John J. Mims (via e-mail)
        Bruce Kirsh (via e-mail)

```
          ***********************
          ***   TX REPORT   ***
          ***********************


     TRANSMISSION OK

     TX/RX NO                0256
     RECIPIENT ADDRESS       72047#100372#00003#915086207655#
     DESTINATION ID
     ST. TIME                04/07 12:27
     TIME USE                00'43
     PAGES SENT              2
     RESULT                  OK
```

# Holland+Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston. MA 02116
www.hklaw.com

| FROM: | JEFF D. BERNARDUCCI | DIRECT DIAL: | [617] 854-1408 |
|---|---|---|---|
| DATE: | April 7, 2006 | E-MAIL: | jeff.bernarducci@hklaw.com |
| NO. OF PAGES: | 2    (including cover page) | CLIENT/MATTER: | 100372.00003 |

## ** <u>DO NOT DELAY DELIVERY TO ADDRESSEE</u> **

TO:

| NAME | COMPANY | FAX NO. | TELEPHONE NO. |
|---|---|---|---|
| Karl J. Gross, Esq. | O'Reilly, Grosso & Gross, P.C. | (508) 620-7655 | |
| | | | |
| | | | |

<u>MESSAGE:</u>

# Holland+Knight

Tel  617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston. MA 02116
www.hklaw.com

| **FROM:** | JEFF D. BERNARDUCCI | **DIRECT DIAL:** | [617] 854-1408 |
|---|---|---|---|
| **DATE:** | April 7, 2006 | **E-MAIL:** | jeff.bernarducci@hklaw.com |
| **NO. OF PAGES:** | 2    (including cover page) | **CLIENT/MATTER:** | 100372.00003 |

## ** <u>DO NOT DELAY DELIVERY TO ADDRESSEE</u> **

TO:

| NAME | COMPANY | FAX NO. | TELEPHONE NO. |
|---|---|---|---|
| Karl J. Gross, Esq. | O'Reilly, Grosso & Gross, P.C. | (508) 620-7655 | |
| | | | |
| | | | |

MESSAGE:

| **FOR THE RECORD:** | |
|---|---|
| DATE: April 7, 2006 | URGENCY: ☐ SUPER RUSH          ☐ RUSH          ☐ REGULAR |
| FAXED BY: | CLIENT NAME:  **FPC/DMA** |
| CONFIRMED:  ☐ YES ☐ NO | NAME:                                          TIME: |

If you did not receive all of the pages or find that they are illegible, please call **[617] 878-1595**

**CONFIDENTIALITY NOTICE:** This facsimile, along with any documents, files, or attachments, may contain information that is confidential, privileged, or otherwise exempt from disclosure. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, printing, distribution or use of any information contained in or attached to this facsimile is **strictly prohibited**. If you have received this facsimile in error, please immediately notify us by facsimile or by telephone collect at the numbers stated above, and destroy the original facsimile and its attachments without reading, printing, or saving in any manner. Your cooperation is appreciated. Thank you.

# 3573797_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FRANKLIN PIERCE COLLEGE,

        Plaintiff

v.

DMA/DIGERONIMO-MIKULA ASSOCIATES,
LLC , and DIGERONIMO ASSOCIATES, LTD

        Defendants

CIVIL DOCKET # 05-40121-FDS

## CERTIFICATE OF SERVICE

I, Jeff D. Bernarducci, counsel to Franklin Pierce College in the above-captioned matter, do hereby certify that on May 15, 2006, I served a copy of *Franklin Pierce College's Motion to Compel the Defendants to Produce Documents and Answer Interrogatories, and Affidavit of Jeff D. Bernarducci, Esq. in Support of Franklin Pierce College's Motion to Compel the Defendants to Produce Documents and Answer Interrogatories* in the following manner:

by CM/ECF to:

Karl J. Gross        kgross@ogglaw.com
                        arosse@ogglaw.com

                          */s/ Jeff D. Bernarducci*
                          Stanley A. Martin, BBO #543957
                          Jeff D. Bernarducci, BBO #657454
                          HOLLAND & KNIGHT LLP
                          10 St. James Avenue
                          Boston, MA  02116
                          (617) 523-2700

Dated: May 15, 2006